UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GERARD OBRIEN,<br><br>   Plaintiff<br><br>  v.<br><br>NANCY A. BERRYHILL[1], Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 5:16-cv-01627-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Patrick Gerard Obrien ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Supplement Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 19 ("Pltf.'s Br."); Dkt. 23 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ

---

[1] The Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn W. Colvin as the defendant in this action.

and orders judgment entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On May 19, 2014, Plaintiff filed an application for SSI, alleging that he became disabled as of March 1, 2008. [Dkt. 15, Administrative Record ("AR") 15, 141-149.] The Commissioner denied his initial claim for benefits in September 2014 and then denied his claim upon reconsideration in May 2015. [AR 15, 46-82.] On January 6, 2016, a hearing was held before Administrative Law Judge ("ALJ") Jay E. Levine. [AR 30-46.] On February 2, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [12-29.] Plaintiff requested review from the Appeals Council on April 3, 2016, but the Appeals Council denied his request for review on July 25, 2016. [AR 7-11.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. § 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the application date. [AR 17.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: status post triple bypass surgery, status post multiple myocardial infarctions/heart attacks, and bilateral torn rotator cuffs. [*Id.* (citing 20 C.F.R. § 416.920(c).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 18 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [M]edium work as defined in 20 CFR 416.967(c) except he may not lift above shoulder level with either upper extremity.

[AR 18.] Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but determined that based on his age (61 years old), high school education, and ability to communicate in English, he could perform representative occupations

such as hand packager (DOT 920.587-018), food mixer (DOT 520.687-034), and inspector-packager (DOT 920.587-018) and, thus, is not disabled. [AR 23-24.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends that the ALJ erred in finding that his adjustment disorder mixed with anxiety and depression were not severe. [Pltf.'s Br. at 9-13.] The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment. [Def.'s Br. at 2.]

At step two of the sequential evaluation process, a plaintiff has the burden to present evidence of medical signs, symptoms, and laboratory findings that establish a medically determinable physical or mental impairment that is severe and can be expected to result in death or last for a continuous period of at least 12 months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005) (citing 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D)); *see also* 20 C.F.R. §§ 416.912, 416.921. Substantial evidence supports an ALJ's determination that a claimant is not disabled at step two when "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment." *Ukolov*, 420 F.3d at 1004-05 (citing Social Security Ruling ("SSR") 96-4p). An impairment may never be found on the basis of the claimant's subjective symptoms alone. *Id.* at 1005.

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Applying the applicable standard of review to the requirements of step two, a court must determine whether an ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."). An impairment or combination of impairments is "not severe" if the evidence established only a slight abnormality that had "no more than a minimal effect on an individual's ability to work." *Webb*, 433 F.3d at 686 (internal citation omitted). The ability to do "basic work activities" is defined as "the abilities and aptitudes necessary to do most jobs," including: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, or speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.922(b).

Here, the ALJ determined at step two of the 5-step analysis that Plaintiff had adjustment disorder mixed with anxiety and depression; however, he characterized Plaintiff's conditions as "not severe" because: (1) Plaintiff attended but failed to fully participate in his psychological consultative examination; (2) the consultative psychologist, Dr. Colette Valette, Ph.D., concluded that it was highly likely that Plaintiff had no mental restrictions; (3) Plaintiff reported a wide range of daily activities; (4) Plaintiff sought little to no treatment for his alleged mental impairments; and (5) Plaintiff denied symptoms of depression at multiple exams.

4

[AR 18.] Plaintiff contends that the ALJ's finding is contrary to the evidence. [Pltf.'s Br. at 9-13.] The Court disagrees.

### 1. Psychological Consultative Examination

To clarify the record as to the severity of Plaintiff's mental impairments, the Commissioner ordered a psychological consultative examination to assess Plaintiff's adjustment disorder, anxiety, and depression in July 2014. [AR 18.] However, Plaintiff refused to participate in most of the exam. [AR 18, 364-367.] The examiner, Colette Valette, Ph.D., opined that it was highly likely that Plaintiff had no mental restrictions and estimated that Plaintiff is intellectually functioning in the average range. [AR 18, 367.] Due to Plaintiff's poor participation in the exam, Dr. Valette did not give any diagnoses. [AR 364-367.] The two non-examining medical consultants subsequently found that Plaintiff had no severe mental impairments. [AR 46-82.]

Plaintiff argues that the ALJ erred in adopting the conclusion of examining physiatrist because her conclusion is inconsistent with the medical evidence as a whole. [Pltf.'s Br. at 11.] Plaintiff also argues that he does not have the capacity to articulate whether he suffers from a mental impairment and that his poor participation in the psychological consultative exam depicts "a person who has a difficult time admitting he has a mental impairment." [Pltf.'s Br. at 10.]

Plaintiff points to several emergency room and doctor's office visits in January to May 2015, in which he was diagnosed with insomnia associated with anxiety disorder and mild depression and referred to behavioral health. [AR 419-420, 422-424, 448, 499, 501, 536, 592.] However, Plaintiff fails to establish how these records are inconsistent with Dr. Valette's opinion. Plaintiff's diagnoses of mild depression and insomnia associated with anxiety disorder alone are insufficient for finding a "severe" mental impairment, as required by the social security regulations. 20 C.F.R. § 416.920(a)(4)(ii). Having reviewed the entirety of the record, the Court agrees with ALJ's assessment that Dr. Valette's opinion that

5

Plaintiff has *no mental restrictions* is not inherently inconsistent with his *diagnoses* of insomnia associated with anxiety disorder and mild depression in the medical record. Accordingly, remand is not appropriate on this basis. *See Febach v. Colvin*, 580 F. App'x. 530, 531 (9th Cir. 2014) (affirming ALJ's reliance on doctors' conclusions that claimant's depression was not severe).

In addition, if a plaintiff is "applying for benefits and do[es] not have a good reason for failing or refusing to take part in a consultative examination or test which [the Commissioner] arrange[s] for [the claimant] to get information [it] need[s] to determine [the claimant's] disability or blindness, [the Commissioner] may find that [the claimant is] not disabled" *See* 20 C.F.R. § 416.918; *see also McCann v. Astrue,* No. EDCV 09–1432, 2010 WL 2803964 (C.D. Cal. July 15, 2010). Here, there is nothing in the record to support Plaintiff's argument that his failure to cooperate with the consultative examiner was due to his mental impairments or denial of his mental impairments. To the contrary, the record shows that Plaintiff reported to the emergency room numerous times for anxiety and provided information requested of him at office visits regarding his anxiety and depression. [AR 419-420, 422-424, 448, 499, 501, 536, 592] Accordingly, Plaintiff has failed to show good cause for his failure to cooperate with Dr. Valette during his consultative examination, which further supports the ALJ's finding that Plaintiff is not disabled.

**2. Daily Activities**

Plaintiff testified that he was able to perform about 30 minutes of cardiovascular exercise per day until about April 2015, nine months before the hearing date, and well after the May 19, 2014 application date. [AR 41.] In addition, Plaintiff reported a wide range of daily activities in his Function Report, including, listening to his iPod, reading, praying, shaving, feeding himself, using the toilet, preparing simple meals, driving a vehicle, shopping at stores, paying bills, counting change, and handling a checking/savings account. Plaintiff denied having problems getting along with family, friends, neighbors, authority figures, or anyone

else. [AR 178-186, 366.] In short, Plaintiff did not describe restrictions in his daily activities caused by adjustment disorder, depression, or anxiety at the hearing or in his Function Report. Plaintiff argues that the ALJ ignored evidence that Plaintiff is homeless, sleeps in his car, and uses the gym, in part, to shower. [Pltf.'s Br. at 11-13.] However, these additional facts do not negate the conclusion that Plaintiff's daily activities, both leisurely and otherwise, are arguably inconsistent with severe adjustment disorder, anxiety, and/or depression. Accordingly, Plaintiff's reported daily activities support the ALJ's finding that Plaintiff's mental impairments were not severe and Plaintiff could perform medium work.[2]

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: April 25, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[2] The other two reasons cited by the ALJ for determining that Plaintiff's mental impairments were not severe, Plaintiff's conservative treatment and subjective symptom testimony, are likely not legally sufficient reasons, by themselves, to find that Plaintiff's mental impairments were non-severe at step two of the sequential evaluation. However, the Court declines to address these additional reasons as it finds that the ALJ's decision is reasonably based on Dr. Valette's medical opinion, Plaintiff's failure to fully participate in the consultative exam, and Plaintiff's report of his daily activities, and thus, is not reversible error.